UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| CATHERINE BYRD<br>559 Meadowglenn Lane<br>Tallmadge, OH 44278<br><br>    Plaintiff,<br><br>vs.<br><br>CHARTER COMMUNICATIONS, INC<br><br>Statutory Agent:<br><br>    Corporation Service Company<br>    50 West Broad Street Suite 1330<br>    Columbus, OH 43215<br><br>    Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | CASE NO.<br><br><br><br><br>JUDGE<br><br>MAGISTRATE JUDGE<br><br>**PLAINTIFF'S COMPLAINT**<br><br><br>(Jury Demand Endorsed Herein) |

Now comes Plaintiff, Catherine Byrd, by and through counsel, and for a Complaint against Defendant Charter Communications, Inc. ("Charter"), states and alleges the following:

## INTRODUCTION

1. Plaintiff brings this lawsuit as a result of Defendant's failure to pay Plaintiff overtime compensation at the rate of one and one-half times her regular rate of pay for all of the hours she worked over 40 in a workweek, in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219.

## JURISDICTION AND VENUE

2. The Court has jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331.

3. Venue lies in this Court pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claims occurred in Cuyahoga County, within this District and Division. For example, Plaintiff spent a significant amount of her employment working in Cuyahoga County, within this District and Division.

## PARTIES

4. At all times relevant herein, Plaintiff was a citizen of the United States and a resident of Ohio

5. At all times relevant herein, Plaintiff was an employee within the meaning of 29 U.S.C. § 203(e).

6. At all times relevant herein, Defendant conducted business in Cuyahoga County, among others.

7. At all times relevant herein, Defendant was an employer within the meaning of 29 U.S.C. § 203(d).

8. At all times relevant herein, Defendant was an enterprise within the meaning of 29 U.S.C. § 203(r).

9. At all times relevant herein, Defendant was an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(s)(1).

10. At all times relevant herein, Plaintiff was an employee engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. §§ 206-207.

## **FACTUAL ALLEGATIONS**
### **(Failure to Pay Overtime Compensation)**

11. Plaintiff has been employed by Defendant, a telecommunications company (and by its predecessor entity, Time Warner Cable), since approximately 2001.

12. Plaintiff's current position with Defendant, which she held since 2015, is a customer care facilitator who worked out of, among others, the Garfield Heights and North Canton, Ohio offices.

13. As a customer care facilitator, Plaintiff trains and assists new customer service representatives.

14. Defendant pays Plaintiff a salary wage and classifies her as "exempt" from the FLSA's overtime requirements as a customer care facilitator.

15. As a customer care facilitator, Plaintiff does not have authority to hire, fire, or promote employees.

16. As a customer care facilitator, Plaintiff's primary duty is not engaging in management.

17. As a customer care facilitator, Plaintiff's primary duty does not include the exercise of discretion and independent judgment with respect to matters of significance.

18. As a customer care facilitator, Plaintiff works over 40 hours per week, but Defendant fails to pay Plaintiff overtime compensation for the hours she works over 40 in a workweek.

19. Defendant knowingly and willfully failed to pay Plaintiff overtime compensation for the hours she worked over 40 in a workweek.

20. Plaintiff worked approximately 900 hours of overtime for which she was not compensated while employed as a customer care facilitator.

## COUNT ONE
### (Fair Labor Standards Act Violations)

21. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

22. Defendant's failure to pay Plaintiff overtime compensation at a rate of one and one-half times her regular rate of pay for all of the hours she worked over 40 in a workweek violated the FLSA, 29 U.S.C. §§ 201-219.

23. By engaging in the above-mentioned activities, Defendant willfully, knowingly and/or recklessly violated the provisions of the FLSA.

24. As a result of Defendant's practices and policies, Plaintiff has been damaged in that she has not received overtime due to her pursuant to the FLSA.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that this Honorable Court:

A. Award Plaintiff actual damages for unpaid overtime compensation;

B. Award Plaintiff liquidated damages equal in amount to the unpaid overtime compensation found due to Plaintiff under the FLSA;

C. Award Plaintiff pre- and post-judgment interest at the statutory rate;

D. Award Plaintiff attorneys' fees, costs, and disbursements; and

E. Award Plaintiff further and additional relief as this Court deems just and proper.

    Respectfully submitted,

    /s/ David J. Steiner
    David J. Steiner (0075217)
    Anthony J. Lazzaro (0077962)
    The Lazzaro Law Firm, LLC
    920 Rockefeller Building
    614 W. Superior Avenue
    Cleveland, Ohio 44113

        Phone: 216-696-5000  
        Facsimile: 216-696-7005  
        anthony@lazzarolawfirm.com  
        david @lazzarolawfirm.com

        Attorneys for Plaintiff

## **JURY DEMAND**

Plaintiff hereby demands a trial by jury on all issues so triable.

        /s/ David J. Steiner  
        Attorney for Plaintiff